UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALF CLARK,
   Plaintiff,

vs.                                                     No. 04-1409

EDDIE SAMALIO, et al
   Defendants

### ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement. [d/e 24]. The defendants originally filed a motion to dismiss the plaintiff's complaint. The plaintiff asked for additional time to file a response and the court granted the motion. Plaintiff then filed a response to the dispositive motion. On February 21, 2006, the court noted that the defendants' motion asked the court to consider matters outside of the pleadings. The court therefore converted the motion into a motion for summary judgement and gave the plaintiff additional time to file a response. The deadline has passed, and the plaintiff has not filed any further documents with the court. The sole basis of the defendants' motion is the claim that the plaintiff has failed to exhaust his administrative remedies as required.

### BACKGROUND

The plaintiff, a federal prisoner, filed this lawsuit pursuant to <u>Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The plaintiff claims his Eighth Amendment rights were violated at the Federal Correctional Institution in Pekin, Illinois. The plaintiff has named five defendants including: Clinical Director Eddie Samalio, Physicians Assistant Jackson, Physicians Assistant Harris Hansen, Clinical Director Dalmasi, and Clinical Director Angel Ortiz. The plaintiff says the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. Specifically, the plaintiff says he suffers from a hernia and has not received the proper care.

### FACTS

The following facts are taken from the defendants' motion for summary judgement and the plaintiff's response. The defendants state that during the plaintiff's stay at the Federal Bureau of Prisons he has filed at least 11 administrative claims.

On July 23, 2007, the plaintiff filed an Inmate Attempt at Informal Resolution. This claim was identified as Administrative Case No. 305727. The plaintiff stated that he was

suffering from severe abdominal pain and was not receiving appropriate medical care. In an attachment, the plaintiff said his symptoms had "since been diagnosed as kidney stones." (Def. Ex, p. 17) The defendants responded that the plaintiff had in fact received appropriate care and denied his claim.

Also on July 23, 2003, the plaintiff filed a Request for Administrative Remedy which stated three claims including: 1) he was denied medical care; 2) he was suffering from kidney stones without appropriate treatment; and 3) he was given medicine that did not help his condition. (Def. Ex, p. 20). The plaintiff's claim was again denied based on treatment he had received.

On August 12, 2003, the plaintiff appealed this decision and claimed he had been forced to live for four months with a kidney condition and five months with a stomach condition. (Def. Ex. P. 22). The plaintiff lost his appeal, and filed a final appeal to National Inmate Appeals on October 24, 2003.

The plaintiff exhausted his administrative remedies for this claim when he received a response on December 15, 2003. The Bureau of Prisons again stated that the plaintiff had received adequate care and stated that plaintiff had received a CT scan of his abdomen and pelvis on September 9, 2003 which revealed that the plaintiff also suffered from a hernia. (Def. Ex., p. 26)

On September 10, 2004, the plaintiff filed another Inmate Attempt at Informal Resolution. This claim was identified as Administrative Case No. 352354. The plaintiff specifically complained that he needed a hernia surgery, but it was delayed due to a heart condition. The plaintiff claimed that medical staff was now ignoring his medical condition and needs. The plaintiff's claim was denied and he continued to file appeals until he received a final response from National Inmate Appeals on January 4, 2005.

The plaintiff filed this lawsuit on December 1, 2004.

## LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of

any genuine issue of material fact in evidence of record.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970);  Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994).  "Summary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## ANALYSIS

The defendants argue that the plaintiff failed to exhaust his administrative remedies before he filed this lawsuit.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).  *See also*  Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, (7th Cir. 1999).

The defendants maintain that the plaintiff did not fully exhaust his administrative remedies for his claim concerning care for his hernia until January 4, 2005, but he filed his lawsuit a month earlier on December 1, 2004.

The plaintiff maintains that he had exhausted his administrative remedies on December 15, 2003 when his first claim was denied by National Inmate Appeals.  The plaintiff says he was complaining about the lack of care he was receiving for abdominal pain.   His failure to specifically state that he suffered a hernia was due to the diagnosis of the defendants.

The court agrees with the plaintiff.  The plaintiff's very first case, Administrative Case No. 305727, repeatedly refers not just to kidney stones, but also to severe abdominal pain.  The plaintiff's main complaint is the pain he suffers.  He refers to kidney stones as the diagnosis of doctors.  The court has no way of knowing if the plaintiff's pain was caused only by kidney stones, or also by a hernia.

Therefore, the defendants' motion for summary judgement is denied

**IT IS THEREFORE ORDERED that:**

**1) Defendants' motion for summary judgement is denied. [d/e 24]**

**2) The court will abide by the following scheduling deadlines:**
   **a) the defendants must file an answer to the complaint within 21 days of this order;**
   **b) all discovery must be completed on or before Tuesday, August 1, 2006; and**

**c) dispositive motions must be filed on or before Tuesday, August 22, 2006.**

Entered this 20th day of March, 2006.

s\Harold A. Baker<br>
_____<br>
HAROLD A. BAKER<br>
UNITED STATES DISTRICT JUDGE